## COMMONWEALTH *vs.* NOAH WOLCOTT.

An indictment of a party for the offence of falsely assuming or pretending to be a sheriff, and taking upon aimself to act as such, must aver that he falsely assumed and pretended to be, and took upon himself to act as, a sheriff of this commonwealth.

INDICTMENT upon Rev. Sts. *c.* 128, § 19, for falsely pretending to be a sheriff. It contained two counts. The first charged " that the said Noah, on the 14th day of June, 1851, at Springfield aforesaid, in the county aforesaid, with force and arms, did falsely assume and pretend to be a sheriff, and did then and there take upon himself to act as such, against the peace, &c."

The second count charged that at said Springfield on said 14th day of June, " the said Noah did falsely assume and pretend to be a sheriff, and did then and there take upon himself

to act as such, and then and there falsely assuming and pre-
tending as aforesaid, a one horse harness, of the value of
twenty dollars, of the goods and chattels which were of the
estate of one Truelove Brooks, deceased, in the possession of
one Eliza Brooks, then and there being found, he the said
Noah did seize, take, and carry away, against the peace, &c."

Eliza Brooks testified that the defendant came to her house
in Springfield, and asked her for a harness.    He specified the
harness which one Smith had left there, which she claimed to
hold as the property of her deceased husband, and refused to
deliver it.    Defendant stated that he had authority to take it,
that she must give it up, he should have it; that he was a
sheriff, and had authority to take it; that he was sheriff from
Connecticut; that he had authority in his hat; and on her ask-
ing for his authority, he took off his hat and showed her a
paper in it, and said there it is; which he refused to let her
read; he said the harness was stolen property, and he should
arrest all the inmates of the house if it was not given up.
The witness finally told him where the harness was, and he
carried it away.

The defendant introduced evidence tending to show that
before he went for the harness, he received an order for it from
one Smith, upon said Eliza; that the harness was the prop-
erty of Smith.    The defendant contended that it was not
proved that he was not a sheriff in Connecticut; nor that the
property belonged to the estate of said Brooks; but the judge
ruled that it was not necessary for the government to prove
that he was not in fact a sheriff in Connecticut.

The judge also instructed the jury that if satisfied that it
was proved that the defendant falsely assumed, and pretended
to be a sheriff, and did take upon himself to act as such, and
did obtain, take, and carry away the harness by force of such
falsely assumed authority as sheriff, they would find him
guilty, although he claimed and assumed to be a sheriff from
Connecticut; and if he so obtained it, it would be no defence
to show that the property was in Smith, and he had given him
authority to obtain it.    That in order to convict the defendant
on the second count, as it alleged that defendant took and

Commonwealth *v.* Wolcott.

carried away a harness, that must be proved, but it was unnecessary to prove the allegation, viz: " of the goods and chattels which were of the estate of Truelove Brooks, deceased;" that being a redundant or descriptive allegation merely.

The defendant being convicted in the court of common pleas, before *Byington,* J. excepted to these rulings, and also moved in arrest of judgment, for defects in the indictment.

*W. G. Bates,* for the defendant.

*Clifford,* (attorney-general,) for the commonwealth.

CUSHING, J. This indictment is founded on the statute, which enacts punishment by imprisonment or fine for any person, who " shall falsely assume or pretend to be a justice of the peace, sheriff, deputy sheriff, coroner, or constable, and shall take upon himself to act as such, or to require any person to aid or assist him in any matter pertaining to the duty of a justice of the peace, sheriff, deputy sheriff, coroner or constable." Rev. Sts. *c.* 128, § 19. We think the crime here described is the false personation of a sheriff or other officer of this commonwealth; for the conditions are, that the party shall falsely assume or pretend to be such officer, *and shall take upon himself to act as such.* That signifies that he falsely pretends to possess official authority. But he cannot exercise official authority as such officer, unless commissioned according to its laws. Of course, to pretend such authority he must assume to be an officer of this commonwealth. This qualification being of the essence, it must be averred in the indictment. It is not averred in either of the counts of the present indictment. That is a fatal defect, and on that ground judgment must be arrested.

If it were otherwise, we think, on the facts reported, there would have to be a new trial. The allegation in the first count is merely that the defendant pretended to be a sheriff; and in the second that, so pretending, he seized and carried away certain chattels. The proof was that the defendant declared himself a sheriff of the state of Connecticut, but also produced an order for the chattels from Smith, claiming to be their owner, they being claimed on the other hand as the property of Brooks. The judge, who tried the cause, ruled

Commonwealth *v.* Wolcott.

that, taking into consideration the other facts in the case, it would avail nothing to prove that the defendant was a sheriff of the state of Connecticut, or that the property belonged to Smith. But those facts seem to be material; for if he was actually a sheriff in Connecticut, and did not pretend to be a sheriff of Massachusetts, then there was no false personation; and if he held a valid order for the chattels from their true owner, that would justify the taking, and would not be the less a justification because of his being an officer in the state of Connecticut.                     *Judgment arrested.*